Filed 9/13/23  P. v. Smith CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MICHAEL REDELL SMITH, JR., <br><br> Defendant and Appellant. | A166955 <br><br><br> (Alameda County <br> Super. Ct. No. 175211) |

**MEMORANDUM OPINION**

Defendant Michael Redell Smith, Jr., appeals from a September 2022 order summarily denying his petition for resentencing under former Penal Code section 1170.95 (now section 1172.6).[1]  His appointed counsel filed a brief identifying no arguable issues and requesting that we conduct an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental letter brief.  We have evaluated the arguments raised in that

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  Undesignated statutory references are to the Penal Code.  We refer to the statute by its current number.  Our brief summary of the facts underlying defendant's conviction—derived from our unpublished opinion in his prior appeal (*People v. Smith* (May 17, 2018, A149655))—is intended solely for context.

1

brief, and we have exercised our discretion to independently review the record for arguable issues. (*Delgadillo*, at pp. 226–230, 232.) We find no merit to defendant's arguments, but we conclude the unpaid balance of the probation investigation fee imposed under former section 1203.1, subdivision (b) must be vacated.

The prosecution charged defendant with first degree murder (§ 187, subd. (a)). At trial, the prosecution offered evidence that defendant approached the victim and—from a few inches away—shot him in the throat. The victim died from multiple gunshot wounds. Defendant testified he fired his gun in self-defense. In 2016, a jury convicted defendant of second degree murder (§ 187, subd. (a)) and found true an allegation that he personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced defendant to 40 years to life in prison, comprised of 15 years to life on the murder conviction and 25 years to life for the firearm enhancement. Defendant appealed. We reversed the sentence imposed for the firearm enhancement and remanded to permit the lower court to exercise its discretion to strike or dismiss the enhancement under section 12022.53, subdivision (h). In all other respects, we affirmed.

At a December 2018 resentencing hearing, the trial court set aside the section 12022.53, subdivision (d) enhancement, and it exercised its discretion to impose a determinate 10-year prison term under subdivision (b). The court reduced defendant's sentence to 25 years to life, awarded him additional presentence credits, and ordered him to pay a $250 probation investigation fee.[2]

---

[2] At the 2018 resentencing hearing, the prosecutor recounted the evidence offered at trial establishing defendant shot—and killed—the victim; the prosecutor also noted the jury rejected defendant's self-defense claim. Additionally, the trial court and counsel discussed the date defendant would

In late 2021, defendant petitioned for resentencing under section 1172.6. The court appointed counsel for defendant and ordered the prosecution to file a response. The prosecution argued defendant was ineligible for relief as a matter of law because he was prosecuted as a "direct actor in the crime. There was no suggestion malice was, or could have been, imputed and no instructions allowing vicarious liability for the crimes. . . . In fact, the instructions given to the jury demonstrate [he] was the actual killer . . . ." The prosecution's response attached the jury instructions given at defendant's trial. Defense counsel, by contrast, asserted defendant was convicted under a theory of natural and probable consequences because the prosecutor mentioned that doctrine during closing argument when urging the jury to reject defendant's self-defense claim.

At a hearing on the resentencing petition, the trial court concluded there were "no theories" of felony murder or aiding and abetting "at play," and the jury was not instructed on "aiding and abetting or imputed liability." In rejecting defense counsel's argument that defendant was convicted under the natural and probable consequences doctrine, the court noted section 1172.6 referred to "the natural and probable consequences theory of aiding and abetting . . . , not that phrase as [it] is used for an implied malice second-degree murder when a person is the actual killer . . . ." The court explained that the jury had determined defendant was the "actual killer," and "[a]ctual killers" are not entitled to relief under the statute. Accordingly, the court summarily denied the petition on the basis that the record of conviction established defendant was ineligible for section 1172.6 relief as a matter of law. Defendant appealed.

---

be eligible for parole. In April 2023, the court awarded defendant additional presentence custody credits.

3

Here, the record of conviction unequivocally establishes defendant "was the actual killer and the only participant in the killing." (*Delgadillo, supra*, 14 Cal.5th at p. 233; see *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58 [jury implicitly found defendant was the " 'actual killer' " by convicting him of second degree murder and finding true a § 12022.53, subd. (d) allegation].) Defendant offers no argument—or evidence—to the contrary. Resentencing under section 1172.6 is "unavailable if the defendant was . . . the actual killer . . . ." (*People v. Strong* (2022) 13 Cal.5th 698, 710; *People v. Garcia* (2022) 82 Cal.App.5th 956, 969.)

The arguments raised in defendant's supplemental letter brief do not persuade us the trial court erred by summarily denying his resentencing petition. For example, defendant insists he was prosecuted under the natural and probable consequences doctrine because the court instructed the jury with CALCRIM No. 520. We disagree. In defining implied malice—which remains a valid basis for a second degree murder conviction—the instruction uses the words "natural and probable consequences," but it does not invoke the natural and probable consequences doctrine, "a theory of vicarious liability under which '[a]n aider and abettor is guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.' " (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677, fn. 4; see *People v. Carr* (2023) 90 Cal.App.5th 136, 144.) Here, the court did not instruct the jury on the imputation of malice under accomplice liability. (See *People v. Cortes* (2022) 75 Cal.App.5th 198, 204–206.) The prosecutor's remarks during closing argument do not, as defendant claims, establish he was prosecuted under the natural and probable consequences doctrine. (*Id.* at pp. 203–205.)

4

Defendant's other contentions lack merit.  The felony murder standard is not being misapplied to his case.  His suggestion that appellate counsel did not exercise diligence in preparing the *Delgadillo* brief is unsupported by the record or persuasive authority.  (See *Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7.)  Defendant's complaint that the trial court "ignored" him and "failed to remain impartial" is belied by the record.  Finally, his suggestion that the court erred by failing to give an unspecified jury instruction is not cognizable in this appeal.  (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)

We have evaluated defendant's arguments, and we have conducted our own independent review of the record.  We agree with the trial court that defendant failed to make a prima facie showing for relief under section 1172.6.  (*People v. Pickett* (2023) 93 Cal.App.5th 982, 889–993.)  Accordingly, the court properly denied his petition for resentencing without issuing an order to show cause.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 548.)  The judgment, however, must be modified as ordered *post*.

## DISPOSITION

The September 2022 order denying defendant's petition for resentencing is affirmed.  The judgment is modified to strike any unpaid balance of the $250 probation investigation fee imposed under former section 1203.1.  (See § 1465.9, subd. (b).)  The trial court is directed to amend the abstract of judgment to reflect this modification and to send a copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____
Jackson, P. J.

WE CONCUR:


_____
Simons, J.


_____
Chou, J.


A166955/*People v. Michael Redell Smith, Jr.*

6